UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JEFFREY KOEFFLER
N8729 Jefferson Road
Watertown, Wisconsin 53094

    Plaintiff,

v.                                                 Case No.: 17-cv-0023

B&T MAIL SERVICE, INC.                 **JURY TRIAL DEMANDED**
19625 West Lincoln Avenue
New Berlin, Wisconsin 53146

    and

KEVIN WOLF d/b/a
T.A.D.D. TRUCKING
W225 S9135 Mount Carmel Road
Big Bend, Wisconsin 53103

    and

KEVIN WOLF
W225 S9135 Mount Carmel Road
Big Bend, Wisconsin 53103

    and

LORI A. WOLF
W225 S9135 Mount Carmel Road
Big Bend, Wisconsin 53103

    Defendants.

---

## COMPLAINT

---

COMES NOW Plaintiff, Jeffrey Koeffler, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin common law and under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin and therefore venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## The Parties and General Allegations

4. Plaintiff, Jeffrey Koeffler, is an adult male resident of the State of Wisconsin residing in Jefferson County with a post office address of N8729 Jefferson Road, Watertown, Wisconsin 53094.

5. Defendant, Kevin Wolf d/b/a T.A.D.D. Trucking (hereinafter "Defendant T.A.D.D. Trucking"), was, at all material times herein, a commercial entity with a principal address of W225 S9135 Mount Carmel Road, Big Bend, Wisconsin 53103.

6. During the relevant time periods as stated herein, Defendant T.A.D.D. Trucking was engaged in "commerce" and/or its employees are engaged in "commerce," as that term is defined under the FLSA.

7. During all times relevant and material as stated herein, Defendant T.A.D.D. Trucking's annual dollar volume of sales or business exceeded $500,000.

8. During all times relevant and material as stated herein, Defendant T.A.D.D. Trucking was an "employer" as that term is defined under the FLSA and/or the WWPCL.

9. During all times relevant and material as stated herein, Mr. Koeffler was "employed" by and/or an "employee" of Defendant T.A.D.D. Trucking as these terms are defined under the FLSA and/or the WWPCL.

10. T.A.D.D. Trucking owns and operates trucks.

11. T.A.D.D. Trucking is owned, operated, and managed by Defendant Kevin Wolf and Defendant Lori A. Wolf.

12. T.A.D.D. Trucking exclusively transports freight for Defendant B&T.

13. Defendant, B&T Mail Service, Inc. (hereinafter "Defendant B&T"), is a trucking company that transports freight for the United States Postal Service in the State of Wisconsin and throughout other regions of the Unites States.

14. Defendant B&T was, at all material times herein, a Wisconsin corporation with a principal office address of 19625 West Lincoln Avenue, New Berlin, Wisconsin 53146.

15. Defendant B&T is managed and operated by Defendant Kevin Wolf and Defendant Lori A. Wolf.

16. During all times relevant and material as stated herein, Defendant B&T was engaged in "commerce" and/or its employees are engaged in "commerce," as that term is defined under the FLSA.

17. During all times relevant and material as stated herein, Defendant B&T's annual dollar volume of sales or business exceeded $500,000.

18. During all times relevant and material as stated herein, Defendant B&T was an "employer" as that term is defined under the FLSA and/or the WWPCL.

19. During all times relevant and material as stated herein, Mr. Koeffler was "employed" by and/or an "employee" of Defendant B&T as these terms are defined under the FLSA and/or the WWPCL.

20. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking and during all times relevant and material as stated herein, Defendant B&T and Defendant T.A.D.D. Trucking were joint employers of Mr. Koeffler.

21. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking and during all times relevant and material as stated herein, it and Defendant B&T shared services, financial resources, employees, customers, and an operating structure.

22. Defendant, Kevin Wolf, was, at all material times herein, an individual residing in the State of Wisconsin with a home address of W225 S9135 Mount Carmel Road, Big Bend, Wisconsin 53103, and a business address of 19625 West Lincoln Avenue, New Berlin, Wisconsin 53146.

23. Defendant Kevin Wolf owns, operates, and manages Defendant T.A.D.D. Trucking.

24. Defendant Kevin Wolf owns, operates, and manages Defendant B&T.

25. During all times relevant and material as stated herein, Defendant Kevin Wolf was an "employer" as that term is defined under the FLSA and/or the WWPCL.

26. Defendant, Lori A. Wolf, was, at all material times herein, an individual residing in the State of Wisconsin with a home address of W225 S9135 Mount Carmel Road, Big Bend, Wisconsin 53103, and a business address of 19625 West Lincoln Avenue, New Berlin, Wisconsin 53146.

27. Defendant Lori A. Wolf owns, operates, and manages Defendant T.A.D.D. Trucking.

28. Defendant Lori A. Wolf owns, operates, and manages Defendant B&T.

29. Defendant Lori A. Wolf is the registered agent of Defendant B&T.

30. During all times relevant and material as stated herein, Defendant Lori A. Wolf was an "employer" as that term is defined under the FLSA and/or the WWPCL.

31. In approximately March 2013, Mr. Koeffler began performing compensable work for Defendant T.A.D.D. Trucking.

32. In approximately March 2013, Mr. Koeffler commenced employment with Defendant T.A.D.D. Trucking.

33. In approximately July 2015, Mr. Koeffler ceased performing compensable work for Defendant T.A.D.D. Trucking.

34. In approximately July 2015, Mr. Koeffler's employment with Defendant T.A.D.D. Trucking ended.

35. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he reported directly to Defendant Kevin Wolf.

36. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he performed compensable work in a variety of positions, including, but not limited to, Truck Driver and Dispatcher.

37. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he performed a variety of compensable duties, including, but not limited to, Truck Driving duties, Dispatching duties, and general Office/Administrative duties.

38. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking and while performing Truck Driving duties, Mr. Koeffler physically drove and/or operated trucks that were owned by Defendant T.A.D.D. Trucking.

39. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf directed the terms and conditions of Mr. Koeffler's employment.

40. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf established the work rules, policies, and procedures by which he abided by in the workplace.

41. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf established the days and hours of work for Mr. Koeffler.

42. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf directed Mr. Koeffler to perform compensable duties on dates and times as determined and established by them.

43. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf established Mr. Koeffler's compensation and (hourly) rates of pay.

44. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf supervised his day-to-day activities.

45. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf had the ability and authority to hire, terminate, promote, demote, and suspend him.

46. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf had the ability and authority to review his work performance.

47. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf acted in in the interest of Defendant T.A.D.D. Trucking vis-à-vis Mr. Koeffler's employment and hours of work at it.

48. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and/or Defendant Kevin Wolf tracked and recorded his hours of work.

49. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he recorded his hours worked via handwritten, paper timesheets.

50. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he recorded his hours worked on B&T's paper timesheets.

51. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he performed all compensable work at and/or out of B&T's physical office location, located at 19625 West Lincoln Avenue, New Berlin, Wisconsin 53146.

52. As the owners, operators, and managers of Defendant B&T and Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and Defendant Kevin Wolf had a statutory duty to comply with the FLSA.

53. As the owners, operators, and managers of Defendant B&T and Defendant T.A.D.D. Trucking, Defendant Lori A. Wolf and Defendant Kevin Wolf had a statutory duty to remedy FLSA violations of which they were aware and/or of which they should have been aware.

**Defendants Failed To Properly and Lawfully Compensate Mr. Koeffler With Overtime Pay For All Hours Worked Beyond Forty Hours Per Workweek**

54. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, it compensated him as follows: (1) while performing Truck Driving duties, a flat fee of $170.00 for travel between B&T's physical office location and Chicago, Illinois; (2) while performing Truck Driving duties related to transportation of mail for the United States Postal Service, a total hourly rate of approximately $21.16 per hour; (3) while performing Truck Driving duties for local and/or intra-state transportation of non-United States Postal Service materials, an hourly rate of approximately $15.00 per hour; (4) while performing Truck Driving duties, a mileage reimbursement of 33 cents per mile for travel between B&T's physical office location and Constantine, Michigan; and (5) while performing Dispatcher and/or general Office/Administrative duties, an hourly rate of $18.00 per hour for all work performed.

55. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, it did not compensate him on a salary basis.

56. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, he consistently worked in excess of forty (40) hours per week.

57. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, it compensated him on a bi-weekly basis via paycheck.

58. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, the Dispatcher and/or general Office/Administrative duties involved answering telephone calls from B&T Truck Drivers, directing B&T Truck Drivers, communicating with B&T customers and clients, completing paperwork.

59. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, there were workweeks during which Mr. Koeffler exclusively performed Dispatcher and/or general Office/Administrative duties.

60. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, there were workweeks during which Mr. Koeffler worked approximately sixty (60) to eighty (80) hours performing Dispatcher and/or general Office/Administrative duties.

61. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, there were workweeks during which Mr. Koeffler performed Truck Driving and Dispatcher and/or general Office/Administrative duties.

62. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, there were workweeks during which Mr. Koeffler performed Truck Driving and Dispatcher and/or general Office/Administrative duties, but spent the majority of his time performing compensable Dispatcher and/or general Office/Administrative duties.

63. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, there were workweeks during which Mr. Koeffler performed Truck Driving and Dispatcher and/or general Office/Administrative duties, and spent at least twenty-percent (20%) of his time performing compensable Dispatcher and/or general Office/Administrative duties.

64. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendants suffered or permitted him to work without appropriately and lawfully compensating him at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

65. During workweeks when Mr. Koeffler exclusively performed Dispatcher and/or general Office/Administrative duties, Defendants did not compensate him at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

66. During workweeks when Mr. Koeffler spent the majority of his time performing compensable Dispatcher and/or general Office/Administrative duties, Defendants did not compensate him at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

67. During workweeks when Mr. Koeffler spent at least twenty-percent (20%) of his time performing compensable Dispatcher and/or general Office/Administrative duties, Defendants did not compensate him at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

68. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, his paychecks did not properly or lawfully compensate him at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

69. Defendants knew or should have known that Mr. Koeffler must be compensated with overtime pay at a rate of time and one half for each hour worked (and for all hours Defendants suffered or permitted him to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

### Defendants Make Unlawful Deductions from Mr. Koeffler's Compensation Without His Written Consent

70. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking instructed Mr. Koeffler to travel on federal highways in Illinois and Indiana to perform his Truck Driver duties and responsibilities.

71. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendants did not provide Mr. Koeffler with financial amounts to pay for tolls he passed on federal highways in Illinois and Indiana.

72. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking deducted amounts from Mr. Koeffler's compensation that it attributed to tolls.

73. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking deducted amounts from Mr. Koeffler's compensation that it attributed to fines it incurred as a result of unpaid tolls.

74. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Mr. Koeffler experienced mechanical failures with and/or the complete elimination of fuel from Defendants' trucks while performing his Truck Driver duties and responsibilities.

75. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking instructed Mr. Koeffler to retain the services of third-party entities to service Defendants' trucks when he experienced a mechanical failure with and/or the complete elimination of fuel from Defendants' trucks.

76. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking deducted amounts from Mr. Koeffler's compensation that it attributed to service charges it incurred as a result of Mr. Koeffler retaining the services of third-party entities to service Defendants' trucks when he experienced a mechanical failure with and/or the complete elimination of fuel from Defendants' trucks.

77. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking retained a worker's compensation insurance policy for Mr. Koeffler.

78. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking paid a third-party entity to obtain worker's compensation insurance coverage for Mr. Koeffler.

79. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking deducted amounts from Mr. Koeffler's compensation that it attributed to worker's compensation insurance costs it incurred to retain a worker's compensation insurance policy for Mr. Koeffler.

80. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking deducted amounts from Mr. Koeffler's compensation that it attributed to an advance.

81. At no time during Mr. Koeffler's employment with Defendant T.A.D.D. Trucking did Defendant T.A.D.D. Trucking receive authorization from Mr. Koeffler to deduct from his compensation any amounts for tolls.

82. At no time during Mr. Koeffler's employment with Defendant T.A.D.D. Trucking did Defendant T.A.D.D. Trucking receive authorization from Mr. Koeffler to deduct any amounts from his compensation for toll fines.

83. At no time during Mr. Koeffler's employment with Defendant T.A.D.D. Trucking did Defendant T.A.D.D. Trucking receive authorization from Mr. Koeffler to deduct any amounts for the services of third-party entities to service Defendants' trucks when he experienced a mechanical failure with and/or the complete elimination of fuel from Defendants' trucks.

84. At no time during Mr. Koeffler's employment with Defendant T.A.D.D. Trucking did Defendant T.A.D.D. Trucking receive authorization from Mr. Koeffler to deduct any amounts for costs related to retaining a worker's compensation insurance policy for him.

85. At no time during Mr. Koeffler's employment with Defendant T.A.D.D. Trucking did Defendant T.A.D.D. Trucking receive authorization from Mr. Koeffler to deduct any amounts for an advance.

## FIRST CAUSE OF ACTION – FLSA OVERTIME PAY VIOLATIONS

86. Mr. Koeffler re-alleges and incorporates paragraphs 1-85 of this Complaint by reference.

87. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

88. At all times material herein, Mr. Koeffler was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

89. Defendants violated the FLSA by not compensating Mr. Koeffler with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

90. Defendants intentionally violated 29 U.S.C. § 215(a) by failing to compensate Mr. Koeffler with overtime pay at a rate of time and one half for each hour worked in excess of forty (40) hours in a workweek.

91. Defendants' failure to properly and legally compensate Mr. Koeffler for all compensable work time was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Koeffler is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime premium pay wages, Mr. Koeffler is entitled to an award of pre-judgment interest at the applicable legal rate.

92. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Mr. Koeffler by Defendants.

93. Mr. Koeffler is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Mr. Koeffler from asserting his claims against Defendants.

94. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION – WWPCL OVERTIME PAY VIOLATIONS**

95. Mr. Koeffler re-alleges and incorporates paragraphs 1-94 of this Complaint by reference.

96. At all times material herein, Mr. Koeffler was an employee of Defendant B&T and Defendant T.A.D.D. Trucking within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

97. At all times material herein, Defendant B&T and Defendant T.A.D.D. Trucking were employers of Mr. Koeffler within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

98. At all times material herein, Defendant B&T and Defendant T.A.D.D. Trucking employed Mr. Koeffler within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

99. During Mr. Koeffler's employment with Defendant T.A.D.D. Trucking, and Defendant B&T as a joint employer, Mr. Koeffler worked hours in excess of forty (40) per workweek for which he was not compensated time and one half.

100. At all times material herein, Mr. Koeffler regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at an overtime rate of pay at time and one half.

101. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

102. Defendant B&T and Defendant T.A.D.D. Trucking willfully violated the WWPCL by failing to compensate Mr. Koeffler at a rate of time and one half for each hour of overtime he worked.

103. As set forth above, Mr. Koeffler sustained losses in his compensation as a proximate result of Defendant B&T's and Defendant T.A.D.D. Trucking's violations. Accordingly, Mr. Koeffler seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant B&T and Defendant T.A.D.D. Trucking to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Koeffler may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

104. Mr. Koeffler seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant Company, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL UNLAWFUL DEDUCTION VIOLATIONS

105. Mr. Koeffler re-alleges and incorporates paragraphs 1-104 of this Complaint by reference.

106. At all times material herein, Mr. Koeffler was an employee of Defendant B&T and Defendant T.A.D.D. Trucking within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and Wis. Stat. § 104.01(2)(a).

107. At all times material herein, Defendant B&T and Defendant T.A.D.D. Trucking were employers of Mr. Koeffler within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. § 103.001(6), Wis. Stat. § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

108. At all times material herein, Defendant B&T and Defendant T.A.D.D. Trucking employed Mr. Koeffler within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

109. During Mr. Koeffler's employment for Defendant B&T and Defendant T.A.D.D. Trucking, Defendant T.A.D.D. Trucking made deductions from Mr. Koeffler's wages due or earned by him for tolls, fines for unpaid tolls, third-party service charges, worker's compensation insurance policy coverage, and advance charges.

110. At all material times herein, Mr. Koeffler did not authorize Defendant T.A.D.D. Trucking in writing to make any deduction from his wages due or earned by him for tolls, fines for unpaid tolls, third-party service charges, worker's compensation insurance policy coverage, and/or advance charges.

111. At all material times herein, Mr. Koeffler did not designate a representative to determine whether any tolls, fines for unpaid tolls, third-party service charges, worker's

compensation insurance policy coverage, and/or advance charges were due to his negligence, carelessness, or willful and intentional conduct.

112. At all material times herein, Mr. Koeffler was not found guilty or held liable in a court of competent jurisdiction by reason of his negligence, carelessness, or willful and intentional conduct related to any tolls, fines for unpaid tolls, third-party service charges, worker's compensation insurance policy coverage, and/or advance charges while he was employed by Defendant B&T and Defendant T.A.D.D. Trucking.

113. At all material times herein, Defendant T.A.D.D. Trucking's deductions from Mr. Koeffler's wages due or earned by him for tolls, fines for unpaid tolls, third-party service charges, worker's compensation insurance policy coverage, and/or advance charges were prohibited by Wis. Stat. § 103.455.

114. Pursuant to Wis. Stat. § 103.455, Mr. Koeffler is entitled to twice the amount of the deductions taken by Defendant T.A.D.D. Trucking.

115. Mr. Koeffler seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant Company, pursuant to the WWPCL.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by reimbursing him for unpaid overtime wages, including but not limited to pre-judgment and post-judgment interest, for all times spent performing compensable work for which he was not properly paid at the rate of time and one half as provided for by the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to the Plaintiff liquidated damages against Defendants; and

4. Grant to the Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 5th day of January, 2017.

                                                        WALCHESKE & LUZI, LLC
                                                        Counsel for Plaintiff

                                                        ***s/ Jesse R. Dill***
                                                        Scott S. Luzi, State Bar No. 1067405
                                                        Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com